**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**State of NEW MEXICO ex rel. STATE
ENGINEER; City of Las Cruces; El-
ephant Butte Irrigation District; El
Paso County Water Improvement Dis-
trict No. 1, Defendants–Appellees,**

**and**

**Hudspeth County Conservation And
Reclamation District No. 1; City of El
Paso; New Mexico State University;
Stahmann Farms, Defendants.**

**James Scott Boyd; Pre–1906 Claimants;
Sammie Singh, Sr.; Sammie Singh,
Jr.; Ed Provencio; Johnny Diaz, Mov-
ants–Appellants.**

No. 15–2002.

United States Court of Appeals,
Tenth Circuit.

Dec. 7, 2015.

Bradley S. Bridgewater, R. Lee Leining-
er, United States Department of Defense,
Denver, CO, Matthew Littleton, Elizabeth
Ann Peterson, United States Department
of Justice, Washington, DC, John W. Za-
vitz, Office of the United States Attorney,
Albuquerque, NM, for Plaintiff–Appellee.

Francis Laing Reckard, New Mexico
State Engineering Office, James C. Brock-
mann, Jay F. Stein, Stein & Brockmann,
Rebecca A. Dempsey, Cuddy & McCarthy,
Santa Fe, NM, Lisa Jean Henne, Steven
Landeros Hernandez, Law Office of Ste-
ven L. Hernandez, Joel T. Newton, Miller,
Stratvert, Torgerson & Schlenker, Las
Cruces, NM, Maria O'Brien, Sarah Marie
Stevenson, Modrall Sperling Roehl Harris
& Sisk, Christina J. Bruff, Charles T. Du-
mars, Esq., Law & Resource Planning As-
sociates, Luis G. Stelzner, Stelzner, Win-
ter, Warburton, Flores, Sanchez & Dawes,
P.A., John W. Utton, Sheehan & Sheehan,
Albuquerque, NM, Brian E. Berwick,
George Thomas Bohl, Fred A. Helms, Of-
fice of the Attorney General for the State
of Texas, Douglas G. Caroom, Bickerstaff
Heath Delgado Acosta LLP, Austin, TX,
Phillip Bowen, Johnson & Bowen, El Paso,
TX, Peter B. Shoenfeld, Neil Stillinger,
Santa Fe, NM, James M. Speer, Jr., El
Paso, TX, for Defendants–Appellees.

Before BRISCOE, McKAY and
McHUGH, Circuit Judges.

**ORDER AND JUDGMENT**[*]

MONROE G. McKAY, Circuit Judge.

In this appeal, Appellants challenge the
district court's decision to deny their mo-
tions to intervene and lift the stay in a
federal case that has been stayed and ad-
ministratively closed since 2002 based on
the *Brillhart* abstention doctrine. *See
Brillhart v. Excess Ins. Co. of Am.*, 316
U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620
(1942).

In 1986, a New Mexico state court began
conducting a comprehensive water rights
adjudication referred to as the Lower Rio
Grande Adjudication, which pertains to all
known and unknown claimants to water
rights in the Rio Grande from the Ele-
phant Butte Dam to the Texas state line.
This complex adjudication is still pending
in the state court.

In 1997, the United States filed the fed-
eral action underlying this appeal, seeking

---

* This order and judgment is not binding prece-
  dent, except under the doctrines of law of the
  case, res judicata, and collateral estoppel. It

may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

to quiet title to water rights related to the Rio Grande Reclamation Project. Based on the related state court proceeding, the district court dismissed the complaint under the *Colorado River* doctrine and, in the alternative, under the *Brillhart* doctrine. On appeal, we affirmed the district court's decision to abstain under *Brillhart* but remanded for the district court to consider whether the action should be stayed instead of dismissed. *See United States v. City of Las Cruces,* 289 F.3d 1170 (10th Cir.2002). On remand, the district court stayed the federal action and administratively closed the case.

Twelve years later, the current Appellants—claimants of water rights in the Lower Rio Grande Basin who are dissatisfied with various rulings in the state court water rights adjudication—filed motions to intervene and lift the stay in this federal action, seeking to obtain federal review of their claims. After a thorough and well-reasoned analysis of the *Brillhart* factors, however, the district court concluded that *Brillhart* abstention was still appropriate and that Appellants' motions to intervene and lift the stay should accordingly be denied.

Our review of the parties' briefs and the record on appeal fails to convince us that the district court's decision constituted an abuse of discretion. *See City of Las Cruces,* 289 F.3d at 1179. Accordingly, and for substantially the same reasons given by the district court, we **AFFIRM** the district court's denial of Appellants' motions to intervene and to lift the stay. All pending motions are **DENIED**.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.